UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LASHONTE MURCHISON,<br><br>     Petitioner,<br><br>v.<br><br>CITY OF FLINT and COUNTY OF GENESEE,<br><br>     Respondents. | Case No. 25-cv-12898<br><br>Honorable Robert J. White |

**ORDER GRANTING PETITIONER'S IFP APPLICATION AND DISMISSING THE CASE**

Before the Court is *pro se* Petitioner Lashonte Murchison's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the petition to be filed without prepayment of the filing fee, and (2) dismiss the case for a lack of standing.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Petitioner's application has made the required showing of indigence. The Court therefore grants the application and permits the petition to be filed without requiring Petitioner to prepay the filing fee.

*Pro se* filings are held to "less stringent standards" than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss a case if the action:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. "Frivolity includes lack of jurisdiction[] and lack of standing[.]" *Groulx v. People's Republic of China*, 647 F. Supp. 3d 563, 564-65 (2022) (citations omitted); *see also Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) ("Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction.") (quoting *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001)).

Petitioner initiated this case by filing an "Emergency Petition for Whistleblower Protection" on September 11, 2025. (*See* ECF No. 1). Petitioner alleges that she is a community activist in Flint and Genesee County who has

regularly spoken publicly against public corruption and abuses of power, exposing public officials including the Flint mayor, certain members of its city council, and the Genesee County Sherriff. (ECF No. 1, PageID.1, 3-4).  Petitioner alleges that this speech is protected by the First Amendment, and that she is entitled to whistleblower protections to prevent "retaliation, harassment, or fabricated criminal charges" resulting from her speech.  She specifically requests that the Court (1) recognize her as a protected whistleblower under federal and state law, (2) enjoin the aforementioned public officials "from taking retaliatory actions including harassment, fabricated charges, or unlawful detention," and (3) order "protective oversight ensuring that Petitioner's rights are preserved when attending council meetings, engaging in civic advocacy, or criticizing public officials." (ECF No. 1, PageID.1, 3-5)

Critically, Petitioner acknowledges that she "has never been arrested, charged, or disciplined in connection with her activities." (ECF No. 1, PageID.3).  But she alleges that "a well-established pattern of retaliation against other community members who have engaged in similar speech, including fabricated arrests, harassment, and unlawful incarceration," gives her "a reasonable and well-founded fear that she may be targeted for similar retaliation." (ECF No. 1, PageID.4).

Given these allegations, the Court concludes that Petitioner fails to establish the Article III injury necessary in any civil case.  To establish Article III standing,

3

Petitioner must establish, among other things, an injury in fact. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of standing.). As relevant here, an injury in fact must be "concrete," i.e., "real and not abstract," as well as "actual or imminent, not speculative—meaning that the injury must have already occurred *or be likely to occur soon*." *All. for Hippocratic Med.*, 602 U.S. at 381 (emphasis added). "And when a plaintiff seeks prospective relief such as an injunction, the plaintiff must establish *a sufficient likelihood* of future injury." *Id.* (emphasis added).

Here, Petitioner alleges no actual injury, and her allegations of imminent harm are too speculative to establish standing. Indeed, even accepting as true that Petitioner has a reasonable fear of future retaliation from her speech, she only fears that she *may* be targeted. This mere possibility of injury at some unspecified future date does not suffice to establish an imminent injury for the purpose of standing. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n. 5 (2013); internal quotation marks omitted); *Simpson-Vlach v. Mich. Dep't of Educ.*, No. 22-1724, 2023 U.S. App. LEXIS 11542, at *10 (6th Cir.

4

May 10, 2023) (unpublished) ("this allegation is too general to establish that the threatened injury is 'certainly impending' rather than merely possible. *Clapper*, 568 U.S. at 409.")

\* \* \*

For the reasons given, the Court ORDERS that the Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  The Court accepts the filed petition and will not require prepayment of the filing fee.

The Court further ORDERS that this case is DISMISSED WITHOUT PREJUDICE for a lack of standing.

The Court further ORDERS that Petitioner may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: November 20, 2025                    s/Robert J. White
                                                                  Robert J. White
                                                                  United States District Judge